On Rehearing.
OYERTON, J.
A further consideration of this case has only served to satisfy us with the correctness of the conclusions reached on the original hearing.
We feel that it is the established jurisprudence of this court that an illegitimate child may prove acknowledgment in a mode other than that provided by article 203 of the Revised Civil Code, as appears from the cases cited in the original opinion, and that we should not depart from that jurisprudence. AVe need only add that, in reviewing some of that jurisprudence, we made the following statement in reference to the case of Minor v. Young, 148 La. 610, 87 South. 472, in speaking of the modes of proving acknowledgment:
“A majority of the court were disposed at first to depart from the jurisprudence heretofore established on that point, and hold that the modes prescribed in Art. 203 were exclusive. But on application for a rehearing that view was changed and the conclusion reached (Justices O’Niell and Dawkins dissenting), that this long' established jurisprudence should be adhered to.”
AVhile the rehearing was granted in that case, as stated, yet before the rehearing was disposed of, the parties to the litigation compromised the case, and at the instance of those parties, a consent judgment was rendered reinstating the former opinion and decree. As that opinion, after the rehearing was granted, was reinstated by consent, it does not .constitute precedent, one way or the other. The error mentioned does not affect the conclusion reached in our former opinion.
With this correction, it is therefore ordered, adjudged, and decreed that our former opinion and decree be and the same are hereby reinstated and made the judgment of this court.
O’NIELL and DAWKINS, JJ., dissent.